**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1140**

XIU Y. HUANG,

              Petitioner,

    v.

MICHAEL B. MUKASEY, Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 28, 2008      Decided: September 25, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Peter D. Lobel, New York, New York, for Petitioner. Jeffrey S. Bucholtz, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xiu Yi Huang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

Huang first challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Huang fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.

Additionally, we uphold the denial of Huang's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Huang failed to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.

2

We also find that substantial evidence supports the finding that Huang failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2008). We find that Huang failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]We lack jurisdiction over Huang's evidentiary challenges on the ground that she failed to raise them on appeal to the Board. See 8 U.S.C. § 1252(d)(1) (2006) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right."); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004) (holding that we lack jurisdiction to consider an argument that was not raised before the Board).

3